IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2017 NOV 16  P 12: 14

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JACQUELINE MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:17-cv-784 |
| ) | |
| WELLS FARGO BANK, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Wells Fargo Bank, N.A. ("Wells Fargo") gives notice of the removal of the proceeding entitled *Jacqueline Morgan v. Wells Fargo, Bank. N.A., et al.*, designated 03-CV-2017-000580.00, pending in the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division[1] and respectfully shows unto the Court as follows:

### I.   INTRODUCTION AND FACTUAL BACKGROUND

**A.   The Complaint.** On or about October 18, 2017, a Complaint entitled *Jacqueline Morgan v. Wells Fargo Bank, N.A., et al.*, was filed and is now pending as 03-CV-2017-000580.00 in the Circuit Court for Montgomery County, Alabama. In the Complaint, Plaintiff Jacqueline Morgan ("Morgan") alleges that Wells Fargo

---

[1] Wells Fargo specifically reserves any and all applicable defenses pursuant to *Federal Rule of Civil Procedure* 12.

1

(the owner and servicer of Morgan's mortgage loan) "failed to act in good faith in assisting [her] with Mortgage Assistance as mandated by Federal laws, regulations and directives" and that Wells Fargo failed to validate her mortgage loan debt as required by the Fair Debt Collection Practices Act. The Complaint, a copy of which is attached hereto within **Exhibit A**,[2] more fully describes the nature of this action.

B.  **All Defendants Join.** Wells Fargo is the only named Defendant in this action.[3] Thus, in accordance with federal law, all named and properly-served Defendants in this action have joined in this Notice of Removal.

## II. BASIS FOR REMOVAL – ORIGINAL JURISDICTION

A.  **Removal is proper under 28 U.S.C. § 1331.** In her Complaint, Morgan asserts claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* and the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (*See* Compl. at ¶¶12-13 (alleging that Wells Fargo failed to provide mortgage assistance "as mandated by Federal laws"[4] and prematurely terminated assistance with a possible modification"); *id.* at ¶¶ 23-24 (alleging that Wells Fargo has not "provided proof (Validation) that it is authorized

---

[2] Exhibit A contains all pleadings filed in the Circuit Court for Montgomery County.
[3] Although the Complaint lists fictitious parties as defendants, "fictitious-party pleading is not permitted in federal court," and this Court can disregard those defendants. *See Simpson v. Primerica Life Ins. Co.*, 2017 WL 2857699, at *1 (M.D. Ala. May 22, 2017).
[4] RESPA regulations address a loan servicer's obligations upon receipt of a borrower's application for loss mitigation. *See, e.g.*, 12 C.F.R. § 1024.41.

2

to service the subject mortgage" and noting that Morgan has filed a validation requested under the FDCPA).)

The removal statute, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[A]ctions that originally could have been filed in federal court may be removed to federal court by the defendant.").

This Court is provided with subject-matter jurisdiction over cases which arise under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). A case "arises under" federal law when the federal question appears on the face of the plaintiff's well-pleaded complaint. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009).

The Complaint here asserts claims under two federal statutes—RESPA and the FDCPA—and this Court will have to address whether Wells Fargo is liable under those federal statutes. Further, both RESPA and the FDCPA confer federal jurisdiction. *See* 12 U.S.C. § 2514 (noting that any action pursuant to RESPA "may be brought in the United States district court"); 15 U.S.C. § 1692k(d) (noting that

"[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy"). By pleading claims arising under federal statutes, the Complaint discloses the federal questions at issue in this action, and this Court is vested with jurisdiction under § 1331.

     B.    **Removal is Proper.**  Since this matter involves claims arising under a federal law, the United States District Court for the Middle District of Alabama has original jurisdiction pursuant to 28 U.S.C. §§ 1331. Accordingly, Wells Fargo has established the requirements for removal under 28 U.S.C. §§ 1441 and 1446.

**III.   THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT**

     A.    **Venue is Proper.**  In accordance with 28 U.S.C. § 1391(a), venue is proper in the United States District Court for the Middle District of Alabama, Northern Division, because, according to the Complaint, a substantial portion of the events giving rise to Morgan's claims occurred in Montgomery County, Alabama, and the property subject of this suit is situated in Montgomery County. Pursuant to 28 U.S.C. § 1441(a) and (b), this case may be removed to the United States District Court for the Middle District of Alabama, Northern Division.

     B.    **Removal is Timely.**  Wells Fargo was served with the Complaint on October 24, 2017. Thus, thirty days (30) have not expired since Wells Fargo received notice of this action, making removal proper in accordance with 28

U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1446, copies of all process and papers filed in this action are attached to this Notice of Removal as Exhibit A.

C.  **The State Court has been Notified.** A copy of the notice of filing notice of removal that was filed with the Circuit Court of Montgomery County, Civil Division, is attached as **Exhibit B**.

IV.  **CONCLUSION AND REQUESTED RELIEF**

For the reasons described above, Wells Fargo respectfully requests this Court to proceed with this matter as if it had been originally filed herein to grant Wells Fargo such other relief to which it is justly entitled.

Respectfully submitted on this the 15th day of November, 2017.

*/s/ Jade E. Sipes*
D. KEITH ANDRESS
CATHERINE C. LONG
JADE E. SIPES
Attorneys for Defendant Wells Fargo Bank, N.A.

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
420 20th Street North
1400 Wells Fargo Tower
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007
kandress@bakerdonelson.com
clong@bakerdonelson.com
jsipes@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2017, the foregoing has been served upon the following counsel of record via electronic and/or US First Class Mail, postage prepaid and properly addressed as follows:

Fernando Morgan, Esq.
Counsel for Plaintiff
Morgan Law Firm
P.O. Box 241866
Montgomery, AL 36124
P: 324-239-7070
F: 334-356-3298

_____
OF COUNSEL