STATE OF ALABAMA
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

STATE OF ALABAMA
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

| | |
|---|---|
| JACQUELINE MORGAN )<br>)<br>Petitioner )<br>) | Case No CV-17-580 |
| ) | |
| WELLS FARGO BANK N.A. Successor by )<br>Merger to Wells Fargo Home Mortgage, Inc, )<br>Along With Fictitious Defendants A, B, C, D, )<br>E, F, G & H, those entities, parties, )<br>Individuals and assignees claiming an interest )<br>in the property and who have or will cause )<br>injury to the Petitioner. This Includes )<br>assignees a better description of which will )<br>be supplemented when )<br>ascertained by the Petitioner. )<br>)<br>Defendants. ) | FILED CIRCUIT CLERK<br>2017 OCT 18 PM 8 47<br>MONTGOMERY COUNTY |

PETITION FOR TEMPORARY RESTRAINING ORDER
Or in the Alternative
FOR PRELIMINARY INJUNCTION

Comes now the Petitioner Jacqueline Morgan by and through her counsel, pursuant to rule 65 Alabama Rules of Civil Procedure, and hereby moves this Honorable court by Verified Petition to enjoin Well Fargo Bank N.A. Successor by Merger to Wells Fargo Mortgage, Inc (Hereinafter referred to as "Wells Fargo), and Fictitious Defendants A, B, C, D, E, F, G & H, from conducting a foreclosure sale on the Petitioner's family home located in Montgomery Alabama, and further to issue a Temporary Restraining Order and enjoin and restrain Wells

1

Fargo from proceeding with any further foreclosure actions until this matter can be heard by this court on its merits. In support of her motion the Petitioner states the following.

1. Petitioner resides in her home in Montgomery, Alabama.

2. In or around March 26, 2002 the Petitioner entered into a residential Mortgage with Wells Fargo

3. Petitioner diligently made mortgage payments on her home mortgage until financial difficulties after financial loss and illness hindered her from doing so.

4. Petitioner communicated with Wells Fargo to apprise them of her difficulties.

5. Petitioner made good faith efforts to pay the mortgage and Wells Fargo ultimately began rejecting Payments.

6. Petitioner utilized a Chapter 13 Bankruptcy protection to address arrearages.

7. At one point the Petitioner was paying funds directly to Wells Fargo and to the Bankruptcy Court.

8. Petitioner requested Modification and other available Mortgage Assistance from Wells Fargo in or around the middle of 2017, but Wells Fargo failed to work with the Petitioner ion good faith.

9. Shortly after petitioner submitted a Modification request, Wells Fargo ultimately decided to accelerate the loan and initiate foreclosure proceedings.

10. On or about September 6, 2016, Petitioner received the notice of Acceleration and a letter stating that she could call to discuss ways to possibly save her home.

11. However, when she called for assistance none was given.

12. Wells Fargo failed to act in good faith in assisting the petitioner with Mortgage Assistance as mandated by Federal laws, regulations and directives.

13. Wells Fargo prematurely terminated assistance with a possible modification that could have prevented a foreclosure.

14. Shortly thereafter Wells Fargo began foreclosure proceedings, mailing the petitioner a letter on September 6, 2017.

15. The petitioner has and continues to dispute this Debt. In fact, the Petitioner has requested Validation of this debt and is awaiting a response from Wells Fargo.

16. Wells Fargo provided a notice of the foreclosure sale to the client but the notice is deficient in that it does not list a "time" for the Sale. It only says (during the legal hours of sale).

17. The Alabama Code section 35-10-13 Ala Code (1975) reads as follows:
    *"Notice of said sale shall be given in the county where said land is located. Notice of all sales under this article shall be given by publication once a week for three successive weeks in a newspaper published in the county or counties in which such land is located. If there is land under the mortgage in more than one county the publication is to be made in all counties where the land is located. The notice of sale must give the time, place and terms of said sale, together with a description of the property. If no newspaper is published in the county where the lands are located, the notice shall be placed in a newspaper published in an adjoining county. The notice shall be published in said adjoining county for three successive weeks."*

18. The Advertisement lists no time for the sale of October 18, 2017.

19. Wells Fargo has breached its duty of good faith and fair dealing with the petitioner.

20. Wells Fargo plans to sell said property on June 13, 2017. If the Petitioner wishes to reinstate her mortgage she must pay a specified amount of approximately $4865.38 by October , 17, 2017.

21. Petitioner would suffer immediate, irreparable injury, loss, and damage if this court does not enjoin the Wells Fargo from proceeding with the foreclosure process.

22. The Petitioner would be deprived of her family home, rendered homeless, and subjected to immense burdens and hardships.

23. Petitioner avers that Wells Fargo has not provided proof (Validation) that it is authorized to service the subject mortgage or that the collection agency/ attorneys pursuing Foreclosure have a contract to do so.

24. The Petitioner has recently filed a request for Validation pursuant to the Fair Debt Collection Practices Act (FDCPA)

25. Although it has provided some documents, Wells Fargo and its collection agency/ attorneys has failed to produce any documents that would show that it has authority to pursue foreclosure.

26. Wells Fargocontinues to assess excessive fees and costs which increase the amount the petitioner would need to pay to reinstate the mortgage

27. No other remedy is available to Petitioner at this time.

28. No harm will befall the Defendants if this temporary restraining order is granted.

29. The elements are in place to resolve this matter without foreclosure and to allow the Petitioner to save her home.

30. Due to the deficiencies in notice to the Homeowner/Petitioner if the Foreclosure is allowed to move forward, it would violate the Petitioner's right to due process. That process including proper and sufficient notice of the foreclosure sale which should be provided to the Petitioner and run in the newspaper of general publication three times prior to the proposed sale date.

31. The Petitioner is indigent and the Petitioner requests that this Court in requiring Security for the issuance of the Temporary Restraining Order set a nominal amount for security

considering the Petitioner's financial circumstances. To require a substantial amount would deprive the Petitioner of an opportunity to obtain relief through this court.

**WHEREFORE**, Petitioner humbly moves this Honorable Court to grant her petition for Temporary Restraining Order prohibiting Wells Fargo, its affiliates, agents, predecessors and or successors from any and all foreclosure activities, to waive any security requirement due to Petitioner's financial situation or in the alternative to set a nominal bond, and to set this matter for a hearing at the courts earliest convenience. Petitioner further asks that upon hearing this matter, that this court grant a permanent injunction that will remain in place until the modification and or pending litigation that may then exist in this matter is resolved.

Respectfully submitted, this 17 day of October, 2017.

_____
Jacqueline Morgan
Petitioner/Applicant

Sworn and Ascribed before me Stephanie Morgan, a Notary Public for the State of Alabama at Large this 17th day of October 2017

_____
Notary

My Commission Expires: July 29, 2019

_____
Fernando Morgan (MOR153)
Counsel for Petitioner
Morgan Law Firm
P.O. Box 241866
Montgomery, AL 36124
P: 334-239-7070    F: 334-356-3298

5

**CERTIFICATE OF NON SERVICE PERSUANT TO 65 Alabama Rules of Civil Procedure**

This is to Certify that I have not sered a copy of the foregoing upon the Defendants pursuant to rule 65 of Alabama Rules of Civil Procedure.

Fernando Morgan (MOR153)
Counsel for Petitioner
Morgan Law Firm
P.O. Box 241866
Montgomery, AL 36124
P: 334-239-7070    F: 334-356-3298

## STATE OF ALABAMA
## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

| | |
|---|---|
| **JACQUELINE MORGAN** ) | |
| ) | |
| Petitioner ) | |
| ) | |
| ) | |
| v. ) | Case No CV-17-580 |
| ) | |
| **WELLS FARGO BANK N.A.** Successor by ) | |
| Merger to Wells Fargo Home Mortgage, Inc, ) | |
| Along With Fictitious Defendants A, B, C, D, ) | |
| E, F, G & H, those entities, parties, individuals ) | |
| And assignees claiming an interest in the ) | |
| property and who have or will cause injury to ) | |
| the Petitioner. This Includes assignees a better ) | |
| description of which will be supplemented when ) | |
| ascertained by the Petitioner. ) | |
| ) | |
| Defendants. ) | |

FILED CIRCUIT CLERK
2017 OCT 18 PM 8 48
MONTGOMERY COUNTY

### Attorney's Affidavit in Support of
### Petitioners' Application for Temporary Restraining Order
### or Preliminary Injunction

STATE OF ALABAMA )
COUNTY OF MONTGOMERY )

The undersigned Attorney, Fernando Morgan, Appointed Counsel for the Petitioner Bessie Bristow, upon my oath, states the following:

1. I am over the age of nineteen (19) years and have personal knowledge of the facts set forth.

2. I am the Attorney in fact for the Petitioner.

3. I make this affidavit pursuant to Rule 65 of the Alabama Rules of Civil Procedure.

4. I have mailed a validation letters to Wells Fargo by mailing a copy to their attorney of record Sirote & Permutt 2311 Hwy Highland Avenue South Birmingham, AL 35205..

The Validation letter was mailed on June12 , 2017 via Certified Mail and First Class Mail. The other was mailed on June 8, 2017 via Certified Mail.

5. On October 17, 2017 the undersigned called the office of Counsel of record to discuss the matter including cessation of the foreclosure action and the request for Validation under the Fair Debt Collection Practices Act, but The undersigned was only able to leave a voice message after calling twice.

6. The Applicant cannot wait for the opposing party to be served by the usual rules. We cannot wait thirty days for service to be perfected. The Sale of her home is imminent and is scheduled for October 18, 2017.

7. If we wait until notice is given to the opposing party the Applicant will be irreparably harmed.

8. If the sale goes as planned then the Applicant will be at an even greater burden to save her home and rendered homeless. She would suffer great prejudice if we wait until the opposing party receives notice.

**FURTHER AFFIANT SAYETH NOT.**

**October 17, 2017**

s/ Fernando Morgan
**Fernando Morgan (MOR153)
Counsel for Petitioner**