# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **JACQUELINE MORGAN** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) CASE NO. 2:17-cv-784-MHT-DAB |
| | ) |
| **WELLS FARGO BANK, N.A.,** | ) |
| **successor by merger to Wells Fargo** | ) |
| **Mortgage, Inc.** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff Jacqueline Morgan filed a Complaint in the Circuit Court of Montgomery County, Alabama, on October 18, 2017. (Doc. 1-1). The Complaint sought a temporary restraining order or, in the alternative, a preliminary injunction, preventing a home mortgage foreclosure by Defendant Well Fargo Bank, N.A. ("Well Fargo") (Doc. 1-1 at 5). On November 16, 2017, Wells Fargo removed this matter from the Circuit Court of Montgomery County, Alabama. (Doc. 1). This matter comes before the Court on Plaintiff's Motion to Remand. (Doc. 11). This matter has been fully briefed and taken under submission.

Wells Fargo removed the action to this Court pursuant to 28 U.S.C. § 1446(a), on the basis that the "Complaint here asserts claims under two federal statutes – RESPA and the FDCPA – and this Court will have to address whether Wells Fargo

is liable under those federal statutes." (Doc. 1 at 3). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Because the Court found reason to question the existence of its jurisdiction, the Court issued an order to Wells Fargo to show cause why this case should not be remanded as improvidently removed. (Doc. 13). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A federal district court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Therefore, a federal court is obligated to inquire into subject matter jurisdiction "at the earliest possible stage in the proceedings." *Id.* at 410. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Moreover, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence, and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a). The federal removal statute sets forth the proper procedure for removal of state actions to federal court and provides in relevant part:

> (1) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service

> or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

The Eleventh Circuit has clarified the requirements of this statutory provision, explaining that "[u]nder the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007). The court continued:

> Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists.

*Id.* (citations and quotation marks omitted). According to the *Lowery* court, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id.* (citations omitted).

Plaintiff initiated this lawsuit by the filing of a Complaint against Wells Fargo in the Circuit Court of Montgomery County, Alabama, in which Plaintiff alleged that she "entered into a residential Mortgage with Wells Fargo" and "diligently made mortgage payments on her home mortgage until financial difficulties after financial loss and illness hindered her from doing so." (Doc. 1-1 at ¶¶ 2-3). Plaintiff alleged

that she "made good faith efforts to pay the mortgage and Wells Fargo ultimately began rejecting payments." *Id*. at ¶ 5. "Wells Fargo failed to act in good faith in assisting the petitioner with Mortgage Assistance as mandated by Federal laws, regulations and directives." *Id.* at ¶ 12. Plaintiff alleged that the notice of foreclosure was deficient, that "Wells Fargo has breached its duty of good faith and fair dealing," and that Wells Fargo has not provided proof that it is authorized to service the subject mortgage pursuant to the Fair Debt Collection Practices Act ("FDCPA"). *Id.* at ¶¶ 16, 19, 23, 24. Based on these allegations, Plaintiff sought temporary and permanent restraining orders from the state court "that will remain in place until the modification and or pending litigation that may then exist in this matter is resolved." *Id*. at 5.

On December 16, 2017, Plaintiff moved this Court to remand the matter to state court "because Defendants fail to prove that this case arises under the Constitution, laws, or treatise of the United States." (Doc. 11 at ¶ 4). Wells Fargo responded, arguing that "federal questions appear on the face of Morgan's Complaint for injunctive relief, which asserts two claims arising under federal law: a claim that Wells Fargo failed to properly offer or review her for modification assistance in violation of the Real Estate Settlement Procedures Act, and a claim that Wells Fargo failed to respond to a debt validation letter send under the Fair Debt Collection Practices Act. (See Compl. ¶¶ 8, 9, 12, 15.)" (Doc. 14 at 2).

> The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 8–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

*Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251–52 (11th Cir. 2011).

> In general, a case "arises under" federal law if the plaintiff pleads a cause of action created by federal law or if a substantial disputed area of federal law is a necessary element of a state-law claim. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9–10 (1983). However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 813 (1986). Nor are federal issues "a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005). Rather, federal-question jurisdiction based on an embedded federal issue is permissible only when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*

*White v. Wells Fargo Home Mortg.*, No. 1:11-CV-408-MHT, 2011 WL 3666613, at *1 (M.D. Ala. Aug. 22, 2011).

In this case, the only cause of action stated by Plaintiff is equitable relief in the form of a temporary restraining order "prohibiting Wells Fargo … from any and all foreclosure activities…" (Doc. 1-1 at 5). In fact, Plaintiff's prayer for relief specifically excludes the determination of any underlying issues in this matter, rather, asking "that this court grant a permanent injunction that will remain in place

*until the modification and or pending litigation that may then exist in this matter is resolved.*" (Doc. 1-1 at 5)(emphasis added). As Judge Thompson observed in *White*, "the resolution of that issue likely rests, not on an interpretation of [a federal statute], but on the nature of the contract between [Plaintiff] and Wells Fargo. It is therefore state contract law (not federal law) that governs. The court can find no reason to disturb the traditional balance between federal and state responsibilities by treating this case (and therefore countless similar state-law tort and contract disputes) as raising a substantial federal question. *See Bennett v. Bank of Am., N.A.,* 2011 WL 1814963, at *2–3 (E.D.Va. May 11, 2011)" *White*, 2011 WL 3666613, at *2.

Accordingly and for the reasons discussed herein, it is the **RECOMMENDATION** of the undersigned that Plaintiff's motion should be **GRANTED** and that this action should be remanded to the Circuit Court of Montgomery County, Alabama, for lack of federal question jurisdiction.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Accordingly, it is hereby **ORDERED** that any objections to the Report and Recommendation shall be filed on or before **May 9, 2018**. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; see also 28 U.S.C. § 636(b)(1).

**Recommended** this 25th day of April, 2018.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE